UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CATHERYN BABIN                                          CIVIL ACTION

v.                                                      NO. 16-2954

THE PARISH OF JEFFERSON, ET AL.                         SECTION "F"

ORDER AND REASONS

Before the Court are two motions: (1) Jefferson Parish's motion for summary judgment; and (2) the plaintiff's motion for partial summary judgment. For the reasons that follow, the motions are DENIED without prejudice.

**Background**

This lawsuit for declaratory and injunctive relief and money damages presents a constitutional challenge to a municipal code provision proscribing animal cruelty. Because no evidence is submitted in support of the motions for summary judgment, these facts are drawn from the allegations of the complaint.

On April 11, 2015, shortly after noon, the temperature was in the low 70s with overcast skies. Catheryn Babin was driving with

1

her two-year-old Catahoula/Labrador mix, Peyton Legion, in her Mini-Cooper convertible.  Ms. Babin stopped at Big Lots on Veterans Boulevard in Jefferson Parish to buy dog food.  Leaving the windows rolled down and the convertible top pulled back just enough to expose the front seats, Ms. Babin exited her car, leaving Peyton Legion to wait in the car.

Meanwhile, at 12:12 p.m., while Ms. Babin was shopping in Big Lots, a woman named Ashley McMurry called the Jefferson Parish 911 operator to complain that a dog was left unattended for 10 minutes.  Ms. McMurry told the operator that the dog was panting and looked "uncomfortable," although she also told the operator that the windows were down, it was "not that hot," and that the dog did not appear to be in distress.  A Jefferson Parish Sheriff's deputy was dispatched to the scene.

When Ms. Babin exited Big Lots, Ms. McMurry confronted her, complaining that the dog was left alone in the car.  Ms. Babin showed her that the door was unlocked; as soon as she opened the car door, Peyton Legion came to Ms. Babin and he was then on-leash in the parking lot.  Ms. McMurry continued to complain and berate Ms. Babin.

At about 12:25 p.m., Deputy Micah P. Blange arrived on the scene.  He spoke with Ms. McMurry and another individual.  Soon

2

thereafter, another Jefferson Parish Sheriff's deputy, Michael Voltolina, Jr., arrived at Big Lots. Voltolina examined Ms. Babin's car and explained to her that deputies were required to come to the scene to investigate, but that he did not see cause for issuing a summons. After Voltolina left Ms. Babin, Blange drove over to speak to her. Blange asked her three questions about her identity and then asked why she had not left her dog at home. Ms. Babin explained that she and Peyton Legion were on their way home from visiting a senior center; Peyton Legion is a trained service animal who spent the morning working with Alzheimer's patients at the center.

Blange told Ms. Babin that he was issuing her a criminal misdemeanor summons. Ms. Babin asked why, to which Blange responded that it was two against one. Blange released Ms. Babin after issuing a summons for violation of Jefferson Parish Code Section 7-126(d), which provides:

> Sec. 7-126. – Cruelty in general.
>
> (a) No person shall ill-treat, neglect, abandon, or cruelly treat an animal. No person shall unnecessarily or cruelly beat, mutilate, kill, torture, inflict injury, or abuse, or cause or procure to be cruelly beaten, mutilated, killed, tortured, injured, or abused, any animal or commit any act which under any other law constitutes cruel treatment, or fail to provide obviously necessary veterinary care.

>(b) No animal shall be tethered as a means of stationary confinement; such stationary confinement by tethering shall be considered as cruel treatment.
>
>(c) No animal shall be denied access to proper food, water, shelter, sanitary and safe environment, or proper veterinary care as is provided in section 7-16 and in Division 6 of Chapter 7.
>
>(d) No domesticated animal shall be transported or carried in or upon any vehicle in a cruel, inhumane, or dangerous manner. Any animal transported in the open bed of a vehicle must be safely and securely located in a secure crate or carrier that is fastened to the bed of the vehicle to prevent the animal from jumping out of such vehicle or otherwise injuring itself. Any other such transport shall be considered animal neglect. **No animal shall be left inside a vehicle or in a crate/carrier while unattended unless there is reasonable containment during acceptable weather conditions or the animal is provided proper temperature control with regular monitoring conditions, including but not limited to during American Kennel Club sanctioned events.**
>
>(e) When a person is charged with cruelty to animals, said person's animal may be seized. Any animal so seized shall be impounded in the custody of the Jefferson Parish Animal Shelter or other location approved by the Director of the Jefferson Parish Animal Shelter.
>
>(f) All charges subject to Division 6 are subject to the jurisdiction of the bureau of administrative adjudication and also the Jefferson Parish District Attorney's Office for criminal prosecution under relative procedures and law.

(emphasis added). Two weeks after issuing the summons, Blange drafted a report to support the citation.

On May 15, 2015, the Jefferson Parish District Attorney's Office filed a bill of information in the First Parish Court for the Parish of Jefferson, charging Ms. Babin with cruelty to animals in violation of Code Section 7-126. Ms. Babin made three separate

court appearances and retained a criminal defense attorney to defend herself against the charge.  On March 3, 2016, the charges were dismissed.

Shortly thereafter, Ms. Babin filed this civil rights lawsuit under 42 U.S.C. § 1983, naming as defendants Jefferson Parish, Micah P. Blange, in his individual capacity, and Newell Normand, in his official capacity as Sheriff of Jefferson Parish.  Ms. Babin seeks three types of relief.  First, Ms. Babin seeks declaratory relief; specifically, she alleges that Section 7-126 violates her right to substantive due process and should be declared unconstitutional; the provision is unconstitutionally vague on its face, Ms. Babin alleges, because it defines neither "acceptable weather condition" nor "proper temperature control."  Second, Ms. Babin seeks to enjoin the Parish and Normand from enforcing the vague provision to prevent future deprivations of Ms. Babin's and other parties' rights to substantive due process.  Finally, Ms. Babin seeks to recover money damages for the emotional and mental distress, reputational damage, and attorney's fees she incurred defending the criminal charges.  Ms. Babin also alleges that her Fourth Amendment rights were infringed when Blange unlawfully seized her without probable cause such that he must answer for damages and attorney's fees under Sections 1983 and 1988.  Ms. Babin also alleges that Blange's actions constitute false arrest

and defamation under Louisiana law.[1]  Ms. Babin also alleges that Sheriff Normand is liable under the theory of respondeat superior for her Louisiana claims because Blange was acting in the course and scope of his employment.

Jefferson Parish now seeks summary judgment dismissing the plaintiff's claims against it, and Ms. Babin seeks partial summary judgment that certain terms contained in the animal cruelty ordinance are unconstitutionally vague.

---

[1] Ms. Babin challenges as false and defamatory certain statements Blange wrote in his report supporting the summons:

- That he was "dispatched to . . . Big Lots [to respond to] several anonymous complaints calling 9-1-1"
- That the callers advised that "a dog had been left in a car with the windows up for approximately 20 minutes"
- That when he approached Ms. Babin, he "observed a full size dog in the front seat"
- That "the passenger side window was barley (sic) open and the window on the driver's side of the vehicle was not open at all"
- That he spoke "to several complainants, that wished to remain anonymous, who all advised Babin had been parked at the location for approximately 20 minutes, if not longer"
- That "[o]ne complainant stated that she was scared for the dog and even tried to open the door to Babin's vehicle, for fear the dog was suffering too much, but was unable to due to the door being locked"
- That "[t]he same complainant further stated that the dog was panting very heavily and appeared to be in some distress"
- That the temperature was in "the mid 80's"
- That Peyton Legion was nine years old.

6

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Id. at 249 (citations omitted); see also Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted) ("[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of a claim.  See

7

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must adduce competent evidence, including but not limited to sworn affidavits and depositions, to buttress his claims. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). However, affidavits or pleadings which contradict earlier deposition testimony cannot create a genuine issue of material fact sufficient to preclude an entry of summary judgment. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996); Thurman v. Sears, Roebuck & Co., 952 F.2d 128, 137 n. 23 (5th Cir. 1992).

In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007) (citations omitted). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

II.

*A.*

The Parish seeks summary judgment dismissing the plaintiff's claims and the plaintiff seeks partial summary judgment that the ordinance is void-for-vagueness. Insofar as the Parish seeks summary judgment in its favor on what the Parish characterizes as the plaintiff's substantive due process and equal protection claims, the motion is denied for the simple reason that the plaintiff has not advanced such claims.[2]

*B.*

Ms. Babin challenges the animal cruelty ordinance, and here seeks partial summary judgment that the law is impermissibly vague in violation of the Due Process Clause of the Fourteenth Amendment; in particular, she now seeks a declaration that "acceptable weather conditions" and "proper temperature control" are void for vagueness. The Parish responds with a motion for judgment as a matter of law that the challenged text has well established meanings, should be considered in the context of the ordinance's overall purpose to prohibit animal cruelty, and as construed are

---

[2] The plaintiff concedes as much in her papers, and the Court's reading of the complaint confirms that the plaintiff has not endeavored to allege substantive due process or equal protection violations.

9

sufficiently clear to give people of ordinary intelligence fair notice of the proscribed conduct. Because neither the Parish nor the plaintiff persuades the Court that the plaintiff may pursue a facial challenge to the ordinance, and because neither has submitted any evidence that could serve as a factual predicate to analyze the plaintiff's "as applied" challenge, summary judgment must be denied without prejudice.

An ordinance is unconstitutionally void for vagueness under the due process clause of the Fourteenth Amendment if its lack of definitive standards either (1) fails to apprise persons of ordinary intelligence fair notice of the prohibited conduct, or (2) encourages arbitrary and discriminatory enforcement. See United States v. Williams, 553 U.S. 285, 304 (2008). "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." See, e.g., United States v. Mazurie, 419 U.S. 544, 714 (1975). The Supreme Court has instructed that the Court, in considering a facial vagueness challenge,

> should uphold the challenge only if the enactment is impermissibly vague in all of its applications.  A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.  A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.

See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95 (1982); see also Holder v. Humanitarian Law Project, 561 U.S. 1, 18-19 (2010).  "In evaluating a facial challenge to a state law, a federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered."  Id. (citing Grayned v. City of Rockford, 408 U.S. 104, 110 (1972)).

Neither the Parish nor the plaintiff has demonstrated entitlement to judgment as a matter of law.  The parties do not address the threshold issue of whether or not the plaintiff may pursue a facial challenge to the animal cruelty ordinance.  Making matters worse, assuming the Court must examine the plaintiff's conduct to assess her as-applied challenge (or, otherwise, before analyzing hypothetical applications of the law), the Parish and the plaintiff dispute the relevant facts underlying the plaintiff's citation without submitting any evidence to support their respective factual positions.

11

Accordingly, Jefferson Parish's motion for summary judgment and the plaintiff's motion for partial summary judgment are both DENIED without prejudice.

New Orleans, Louisiana, January 11, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE